UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TONY CURTIS ALLEN HUGHES,

      Plaintiff,

v.                 Case No. 23-cv-1251-pp

MANITOWOC COUNTY JAIL,

      Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

  Tony Curtis Allen Hughes, who is incarcerated at Manitowoc County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On September 29, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $84. Dkt. No. 8. The court received that fee in installment payments on November 6, 14 and 16, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The complaint names the Manitowoc County Jail as the only defendant. Dkt. No. 1 at 1. The plaintiff alleges that on August 11, 2023, he began to put a blanket across his cell door "due to there [sic] being visible holes." Id. at 2. Sergeant Steven Smith (not a defendant) told the plaintiff over the intercom to remove the blanket; when the plaintiff asked why, Smith said, "security reasons." Id. The plaintiff says that while he was using the bathroom, he noticed "a Axis security camera pointing at the cell[']s toilet;" he asserts that this was "invading rights of privacy without consent and knowledge." Id.

The plaintiff says he "immediately started having flashbacks of terrifying moments of childhood trauma from his father abusing and recording him in the restroom." Id. He says this abuse again happened when he was "in foster care in the State of California being recorded." Id. at 2–3. The plaintiff alleges that reliving these "past nightmares a third time haunts and taunts [him] into cold sweats while sleeping." Id. at 3. He says he has paranoid feelings when trying to use the bathroom and that he can't escape the "feeling of being less th[a]n human." Id. at 3–4. The plaintiff accuses the jail of being "unconcerned with the Plaintiff['s] well-being." Id. at 3.

The plaintiff seeks "max damages" from the jail. Id. at 4. He also seeks an order that the jail "remove or relocate all security cameras from inmates['] cells, so there is no reco[r]ding of the toilet." Id. He also asks that he face "[n]o retaliation from Manitowoc County" for filing this complaint. Id.

C.   Analysis

The plaintiff does not say whether he was a convicted person or a pretrial detainee at the time of the incident. But the dockets from his state court criminal cases show that he has been in custody since May 2023 and that the state proceedings are ongoing. See State v. Hughes, Case Numbers 2023CF266, 2023CF566 (Manitowoc County), available at https://wcca.wicourts.gov/.

Because the plaintiff is a pretrial detainee, the court will analyze his claims regarding the conditions of his confinement under the Fourteenth Amendment. See Mulvania v. Sheriff of Rock Island Cnty., 850 F.3d 849, 856

4

(7th Cir. 2017). A pretrial detainee's constitutional rights may be violated when jail officials act unreasonably to objectively serious living conditions that deprive the detainee of basic human needs. See Smith v. Dart, 803 F.3d 304, 309–10 (7th Cir. 2015). To state a claim regarding the conditions of his confinement, the plaintiff must allege that the conditions in question are objectively serious; the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and the defendant's conduct was "objectively unreasonable"—that is, it was not "'rationally related to a legitimate non-punitive governmental purpose'" or was "'excessive in relation to that purpose.'" Hardeman v. Curran, 933 F.3d 816, 821–22 (7th Cir. 2019) (quoting Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015)).

The plaintiff alleges that the jail has positioned a security camera in his cell so that it captures the toilet. The jail has a legitimate, non-punitive security reason to view persons incarcerated there, even as they use the bathroom. See Snider v. Skarban, No. 22-C-25, 2022 WL 684848, at *3 (E.D. Wis. Mar. 8, 2022) (citing Maryland v. King, 569 U.S. 435, 448 (2013); and Brown v. Polk County, Wis., 965 F.3d 534, 539 (7th Cir. 2020)). The jail and its staff may, based on those legitimate security and safety reasons, monitor "the bathroom activity" of persons in its custody without violating the Constitution, Courtney v. Devore, 595 F. App'x 618, 620 (7th Cir. 2014), so long as they do not do so "with the intent to humiliate and inflict psychological pain," Whitman v. Nesic, 368 F.3d 931, 934 (7th Cir. 2004) (citing Fillmore v. Page, 358 F.3d 496, 505 (7th Cir. 2004)); see also Alicea v. Dart, No. 18-CV-05381, 2022 WL 4602103,

5
Case 2:23-cv-01251-PP   Filed 11/22/23   Page 5 of 11   Document 13

at *5 (N.D. Ill. Sept. 30, 2022) (holding "that the potential for authorized employees to 'routinely and incidentally' view pretrial detainees in 'various states of undress in their prison cells, showers, and toilets' is reasonable").

The complaint does not state a claim. The law is clear that the jail has a valid, non-punitive security rationale for having cameras pointed into detainees' cells, even at the toilet. The complaint does not suggest that the jail uses these cameras to humiliate detainees; his own allegations suggest that the jail uses them for security purposes, as Sergeant Smith told the plaintiff when he instructed him to remove the blanket from his cell door. But the complaint does allege that the jail's use of security cameras in the plaintiff's cell—specifically, having a camera pointed at the toilet—*causes* him psychological distress or pain because of his past abuse. The plaintiff does not say whether he told jail staff about this issue or whether he asked them not to watch him use the bathroom because of his past abuse and trauma. It is possible that the plaintiff could request a special accommodation.

The complaint also does not name a proper defendant. The plaintiff sues only the Manitowoc County Jail, but the jail is not a "person" that may be sued under §1983. The court could construe this claim as if the plaintiff had brought it against Manitowoc County; a county may be held liable if "there was an 'official policy, widespread custom, or action by an official with policy-making authority [that] was the "moving force" behind his constitutional injury.'" Estate of Perry v. Wenzel, 872 F.3d 439, 461 (7th Cir. 2017) (quoting Daniel v. Cook County, 833 F.3d 728, 734 (7th Cir. 2016)). The complaint does

not allege that the jail points its security cameras at toilets because of an unconstitutional Manitowoc County policy, custom or practice. A policy, custom or practice may exist and may be the reason that the jail uses the cameras. But the complaint does not allege that there is such a policy or that, if one exists, the jail is following it for improper reasons (to humiliate rather than for security).

The court will dismiss the complaint because it does not state a claim and does not name a proper defendant. But it is possible that with additional detail, the plaintiff may be able to state a claim about the jail's use of security cameras specific to him and his psychological problems. The court will give him an opportunity to amend his complaint to correct the deficiencies noted and better explain the claims in his complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to give the court and each defendant notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He

7

should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

The court notes that, even if the plaintiff files an amended complaint and even if the court allows him to proceed, the court cannot give him all the relief he seeks. The plaintiff seeks damages, but he also asks the court to order the jail to remove or relocate its security cameras. The court has no authority to order the jail to alter its security practices or procedures, so long as they do not violate a constitutional right. The jail maintains the discretion to decide how best to manage its facility. See Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012) (explaining that correctional "officials have broad administrative and discretionary authority over the institutions they manage"). The court explained above why the use of the cameras as described in the complaint does not violate the plaintiff's rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

8

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by the end of the day on **December 29, 2023**. If the plaintiff files an amended complaint by the above deadline, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint by the deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$266** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Manitowoc County Sheriff.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons. Entitled "Answers

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 22nd day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**