UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONY CURTIS ALLEN HUGHES,

                Plaintiff,

v.                                                   Case No. 23-cv-1251-pp

MANITOWOC COUNTY SHERIFF OFFICE
CORRECTIONAL OFFICERS,

                Defendant.

**ORDER SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A
AND DISMISSING CASE**

On November 22, 2023, the court screened plaintiff Tony Curtis Allen Hughes's *pro se* complaint under 42 U.S.C. §1983 and concluded that it did not state a claim. Dkt. No. 13. The court dismissed the complaint but gave the plaintiff "an opportunity to amend his complaint to correct the deficiencies noted and better explain the claims in his complaint." Id. at 7. On December 20, 2023, the court received the amended complaint. Dkt. No. 14. This decision screens that amended complaint.

**I.    Screening the Amended Complaint**

    **A.    Federal Screening Standard**

As the court explained in the November 22, 2023 order, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The amended complaint names "Manitowoc County Sheriff Office Correctional Officers" as the only defendant. Dkt. No. 14 at 1. The allegations in the amended complaint mirror those in the original complaint: The plaintiff

alleges that on August 11, 2023, he put up a blanket across his cell door "due to there being visible holes." Id. at 2. As he was putting up the blanket, Sergeant Steven Smith, whom the plaintiff says works for the Manitowoc County Sheriff's Office, told the plaintiff over the intercom to remove the blanket for "security reasons." Id. He then told the plaintiff "to place his blanket as a c[u]rtain from the bed to the toilet." Id. The plaintiff says "[t]his was done sometime in the afternoon on August 11 2023." Id. at 2–3. He says it "is inhumane placeing [sic] sheets or blankets around toilets where [incarcerated persons] pee," because incarcerated persons "sleep with bedding." Id. at 3. He says he does not "know w[h]y Manitowoc County Sheriff and Smith recommend [sic] this." Id.

The plaintiff says that after he spoke with Smith, he noticed that a security camera was "aiming at [his] cell[']s toilet while using the restroom." Id. He asserts that this "invades rights of privacy without consent and [his] knowledge." Id. The plaintiff says that when he realized there was a camera watching him use the bathroom in his cell, he "immediately started having flashbacks of terrifying moments of trauma from childhood, when [his] father abuse [his] brothers and [him] violently and sexually recording [them] in [their] rooms and restroom." Id. He says this abuse again happened when he was in "foster care in the State of California," where "child care staff did the same record and touch [him] sexually causing [him] to be very paranoid." Id. The plaintiff alleges that being recorded at the jail "made [him] relive past trauma a third time." Id. at 4. He says he suffered cold sweats while sleeping and paranoid feelings when trying to use the bathroom. Id.

The plaintiff says he has told jail staff about the issue in person and by filing grievances through the jail's PREA (Prison Rape Elimination Act) services.

Id. He believes that it "isn[']t right talking to the Jail[']s own people about PREA" because the PREA staff "could back there [*sic*] own staff members." Id. He says members of the "opposite sex shouldn't watch [him] use the restroom and that it's sick." Id. He says he has asked the jail "to remove there [*sic*] camera," but he does not say whether they have taken any action. Id.

The complaint includes an additional handwritten page addressed to "dear courts," detailing the plaintiff's symptoms from being subjected to the cameras at the jail. Id. at 5. He explains the flashbacks and the psychological stress that he experiences while dressing or undressing. Id. He says he asked the jail to move him to the dorms, which do not have cameras that point into the cell bathrooms. Id. He says he speaks with mental health professionals at the jail and takes medications for his mental health issues. Id.

The plaintiff seeks unspecified damages, and he asks that he face "[n]o retaliation from Sheriff Manitowoc Cnty." Id. at 6. He wants jail staff "[t]o listen to people with trauma and Mental health issues," and for the jail to pay the cost of his treatment "if needed." Id.

C.   Analysis

The amended complaint is very similar to the original complaint. It seeks to proceed against a different named defendant—unnamed correctional officers at the jail rather than the jail itself—but the plaintiff's claim is identical. He asserts that his right to privacy has been violated without his consent or knowledge because cameras at the jail point toward the bathroom in his cell, which causes him to suffer flashbacks to childhood trauma he experienced.

The amended complaint does not state a claim. As the court explained in the November 22, 2023 order, "[t]he jail has a legitimate, non-punitive security

reason to view persons incarcerated there, even as they use the bathroom."
Dkt. No. 13 at 5 (citing cases). The court further explained:

> The jail and its staff may, based on those legitimate security and safety reasons, monitor "the bathroom activity" of persons in its custody without violating the Constitution, Courtney v. Devore, 595 F. App'x 618, 620 (7th Cir. 2014), so long as they do not do so "with the intent to humiliate and inflict psychological pain," Whitman v. Nesic, 368 F.3d 931, 934 (7th Cir. 2004) (citing Fillmore v. Page, 358 F.3d 496, 505 (7th Cir. 2004)); see also Alicea v. Dart, No. 18-CV-05381, 2022 WL 4602103, at *5 (N.D. Ill. Sept. 30, 2022) (holding "that the potential for authorized employees to 'routinely and incidentally' view pretrial detainees in 'various states of undress in their prison cells, showers, and toilets' is reasonable").

Id. at 5–6. The court explained that the jail "has a valid, non-punitive security rationale for having cameras pointed into detainees' cells, even at the toilet"; and like the original complaint, the amended complaint "does not suggest that the jail uses these cameras to humiliate detainees." Id. at 6. The allegations in the amended complaint imply that the jail uses the cameras for security purposes, which is what Sergeant Smith told the plaintiff when he instructed the plaintiff to remove the blanket from his cell door.

The amended complaint also does not name a proper defendant. Rather than naming the jail, the amended complaint broadly names correctional officers at the Manitowoc County Sheriff's Department. But the complaint does not contain allegations against any correctional officer. The only person that the amended complaint mentions by name is Sergeant Smith, but the plaintiff does not suggest that Smith is responsible for the cameras or that he wishes to proceed against Smith. Even if he did, the amended complaint does not state a claim against Smith for telling the plaintiff that he could not cover his cell door with a blanket for security purposes. The plaintiff may use a John Doe placeholder to bring a complaint against persons whose names he does not know, but he has not explained who he wants to sue or how many people he

wants to sue, nor has he provided any information that would help the jail identify a proper defendant.

In the November 22, 2023 order, the court noted that the plaintiff did not say in his complaint "whether he told jail staff about this issue or whether he asked them not to watch him use the bathroom because of his past abuse and trauma. It is possible that the plaintiff could request a special accommodation." Id. The plaintiff says in his amended complaint that he has spoken with jail staff and filed requests or grievances with PREA staff. But he does not say whether the issue has been addressed or resolved. It may be that the jail is not able to grant him a special accommodation. And the court explained in the November 2023 order that it "has no authority to order the jail to alter its security practices or procedures, so long as they do not violate a constitutional right." Id. at 8.

The amended complaint fails to state a claim for the same reasons that the original complaint failed to state a claim. The court understands that the jail's use of security cameras impacts the plaintiff's mental health in a negative way, but he has not alleged that the jail is using those cameras inappropriately or for an improper reason. The jail is permitted to use cameras to film persons incarcerated there for security purposes, and that is what the amended complaint says the jail is doing. That practice does not violate the plaintiff's constitutional rights.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g) and will email a copy of this order to DLSFedOrdersEastCL @doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of January, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**